FILED

NOV 4 1994

WILLIAM B. GUTHRIE
Clerk, U.S. District Court
By _____ PB
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

ANGELA LEEPER, )
          PLAINTIFF, )
)
VS. ) CASE NO. CIV-94-056-B
)
DONNA E. SHALALA, Secretary )
of Health and Human Services )
          DEFENDANT. )

## FINDINGS AND RECOMMENDATIONS

SCOPE OF COURT REVIEW - Court review is limited to consideration of the pleadings and transcript filed by the Secretary as required by 42 USC 405(g). The Court is obligated to determine whether there is substantial evidence in the record to support the Secretary's decision. Weakley v. Heckler, 795 F2d 64 (10th Cir. 1986); Cage v. Califano, 638 F.2d 219 (10th Cir. 1981); Tillery v. Schweiker, 712 F.2d 601 (10th Cir. 1983). Substantial evidence is more than a scintilla, but less than a preponderance; it is such evidence that a reasonable mind might accept to support the conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971). The Court, in this review, has the power to affirm, modify or reverse the Secretary's decision with or without remand for a rehearing.

NATURE OF APPEAL - Court review of denial of claim for supplemental security income (See Sections 1614(a)(3)(A) of Act).

Page Two
Case No. CIV-94-056-B

DISCUSSION AND ANALYSIS - Plaintiff, Angela Leeper, (SSN 44-66-1295) filed her claim on 9-22-92 with the alleged disability being back trouble; Plaintiff was born on 1-9-72 and obtained a 9th grade education and has never worked outside the home (Tr. 59-62). Plaintiff's claim was administratively denied on 3-17-93 (Tr. 63-65) and pursuant to request, a hearing was held on 7-14-93 in Hugo, Oklahoma before The Honorable Bruce L. Evans, Administrative Law Judge, with the Plaintiff and her legal representative, Faye Tucker, Paralegal and Clyde Petete, Vocational Expert (VE) being present and testifying (Tr. 38-57). On 7-14-93 the ALJ rendered an unfavorable decision (Tr. 12-19) and the Appeals Council found no basis for granting Plaintiff a request for review on 12-4-93 (Tr. 3-4) and a Complaint was subsequently filed in this action on 1-26-94.

In a case such as this, Plaintiff has the burden of proving his/her disability by establishing a medically determinable physical or mental impairment that prevents him/her from engaging in any substantial activity for at least 12 consecutive months. Channel v. Heckler, 747 F.2d 577, 579 (10th Cir. 1984); 42 U.S.C. Sec. 1382c(a)(3)(A). In the case at bar the medical evidence consisted of physiological as well as psychological. The clinical records of Dr. D.L. Rippee of 8-2-91 (Tr. 144-145), medical report of Dr. Beth L.

Page Three
Case No. CIV-94-056-B

Leader (Tr. 146-150) and the clinical records of Dr. W. E. Brown (Tr. 165-166) for a period of 8-2-91 through 7-7-93 all had common impressions and agreed generally as follows:

1. Plaintiff was severely obese (61"-63" tall and weighed between 234-244).

2. Mild to moderate back pain attributable to back strain; no cervical abnormalities is shown by x-ray.

Plaintiff was additionally evaluated and the record contained a goodly amount of psychological evaluation, specifically that of Douglas Hogan, Ph.D., a consultative psychological expert, who opined that Plaintiff was oriented for time, place and person and her thinking was appropriate, goal directed, and logical. Plaintiff showed very little interest in the testing process and the consultant suspected that the scores under represented her actual level of functioning (Tr. 152-154). Dr. Janice Boon, Ph.D. noted that Plaintiff could relate superficially to co-workers and supervisors about work matters and concluded Plaintiff had mild dysthmia and a sub-average general intellectual ability, but suggested Plaintiff had probably under represented her intelligence (Tr. 132-141). Dr. C.M. Kampschaefer, who filled out a PRTF on 4-14-93 indicated Plaintiff had poor motivation during testing and listed her functional limitations as moderate and should be able to complete "simple tasks" and be able to

Page Four
Case No. CIV-94-056-B

relate on a superficial, incidental basis only with her adaptive functions intact (Tr. 117-128). The clinical psychologist who performed the WAISR test which indicated Plaintiff had a full scale IQ score of 71, Dr. Douglas Hogan, Ph.D. offered his opinion that Plaintiff took a passive, apparently disinterested approach to the testing process and he strongly suspected scores Plaintiff produced under represent her actual level of functioning (Tr. 152). 42 U.S.C. Sec. 421(h) states that where there is evidence of a mental impairment, the claimant will be considered disabled "only if the Secretary has made every reasonable effort to insure that a qualified psychiatrist or psychologist has completed the medical portion of the case review and any application (RFC) assessment." Andrade v. Secretary, 985 F.2d 1045, 1049 (10th Cir. 1993). The Court finds that in the case at bar, the Secretary did develop and the record contains a very thorough psychological analysis of Plaintiff and her related impairments which, taken as a whole, indicate her impairment to be not to the degree of being a listed impairment under Section 12 of the listed impairments.

In applying the guidelines as set forth in Luna v. Bowen, 834 F.2d 161, 165 (10th Circuit, 1987) and took into account Plaintiff's subjective complaints, prior work record,

Page Five
Case No. CIV-94-056-B

observations and comments of treating and examining physicians regarding such matters as the nature, location, onset, duration, frequency, radiation and intensity of any pain, medication, treatment, daily activities and functional restrictions do not establish Plaintiff's ability to function has been so severely impaired as to preclude the performance of light work (Tr. 16). The Court finds that the testimony of the Vocational Expert, (VE), Clyde Petete was based upon a proper hypothesis and taking into account Plaintiff's limitations, the ALJ, as trier of fact must reach conclusions regarding the facts in the case.(See Richardson v. Perales, 402 U.S. 389, 399 (1971); Tillery v. Schweiker, 712 F.2d 601, 603 (10th Cir. 1983); Valentine v. Richardson, 468 F.2d 588, 589 (10th Cir. 1972). The Court finds no error in the testimony of the VE and his conclusion that Plaintiff could perform at the light job level in spite of her physical and mental limitations and that there would be a significant number of such jobs, i.e. bench assembly, handbill passer, and packing industry in the national and state economies.
CONCLUSION - Therefore, the Magistrate Judge finds there is substantial evidence to support the Secretary's finding that Plaintiff is not disabled within the meaning of the Social Security Act. 42 U.S.C. Sec. 423(d)(5). Accordingly, it is recommended that the Decision of the ALJ, which is the final

Page Six
Case No. CIV-94-056-B

decision of the Secretary, should be affirmed. Parties are herewith given 10 days from the date of this service to file with the Clerk of the Court any objections, with support brief. Failure to object to the Findings and Recommendation within ten (10) days will preclude appellate review of the judgment of the district court based on such findings. 28 U.S.C. Sec. 636(b)(1), Federal Rules of Civil Procedure 72, 6(a) and 6(3), and Local Rule 32(d).

   DATED this 4th day of November, 1994.

                              RICHARD P. CORNISH
                              UNITED STATES MAGISTRATE JUDGE